# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 16, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Petitioner**

**vs.)    No. 12-1346** (BOR Appeal No. 2047024)
                              (Claim No. 2011037718)

**MICHAEL MASTERS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Consolidation Coal Company, by Edward M. George III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated October 24, 2012, in which the Board affirmed a March 12, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 27, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Masters, a coal miner, alleges that he was injured in the course of his employment when the vehicle he was riding in struck another vehicle on April 28, 2011. The May 23, 2011, treatment note by Cindy Mueller, M.D., indicates that Mr. Masters developed pain in his lower back. She diagnosed him with cervicobrachial syndrome, thoracic sprain/strain, and lumbago. In a letter dated July 21, 2011, Joseph Maroon, M.D., noted that Mr. Masters suffered a work-related soft tissue injury.

The claims administrator rejected the claim on May 27, 2011. It stated that pursuant to West Virginia Code of State Rules § 85-21-13.1 (2005), injured workers may access providers

1

who are not participating in the managed healthcare plan in cases of emergency. Mr. Masters was determined to have sought non-emergency treatment from a non-participating physician since his first report of injury was completed by an out-of-plan provider. Accordingly, his claim could not be held compensable.

The Office of Judges reversed the claims administrator's decision in its March 12, 2012, Order and held the claim compensable for cervicobrachial syndrome, thoracic strain/sprain, and lumbago. It found that Mr. Masters was performing work-related duties in the course of his employment when he was injured. This fulfilled the criteria set forth under West Virginia Code § 23-4-1(a) (2008). The employer argued that Mr. Masters's first report of injury was filled out by an out-of-plan provider, and his claim must therefore be rejected pursuant to West Virginia Code of State Rules § 85-21-13.1. The Office of Judges found that West Virginia Code of State Rules § 85-21-13.1 applies to managed care and does not impact the compensability of a claim. The Rule, therefore, did not provide grounds to reject Mr. Masters's claim. It was determined that an injury clearly occurred in the course of and resulting from Mr. Masters's employment, the claim was filed in a timely manner, and no evidence was presented to support the claims administrator's denial of the claim.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 24, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. West Virginia Code of State Rules § 85-21-13.1 does not apply in this case and does not affect the compensability of the claim. The evidentiary record indicates that Mr. Masters sustained an injury in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 16, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II